## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMES MASSENGILL, individually and on
behalf of all others similarly situated,

Case No. 6:22-cv-1549-CEM-LHP

    *Plaintiff,*

vs.

A. DUDA & SONS INC.,

    *Defendant*.

_____/

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff, James Massengill ("Plaintiff"), and Defendant, A. Duda & Sons,

Inc. ("Defendant"), (collectively, the "Parties") hereby jointly move to stay this

case while the Parties engage in private mediation in an effort to resolve all

pending claims. In the alternative, if the Court is not inclined to grant the

requested relief, the Parties request that the Court set a Status Conference to

allow the parties to more fully explain the necessity of a stay and the status of

the proceedings. The Parties believe a stay pending mediation would be the

most efficient path forward and, in support, state as follows:

1.    Plaintiff filed his Complaint on August 29, 2022. [DE 1].

2.    Defendant filed its Motion to Dismiss Plaintiff's Complaint and

Incorporated Memorandum of Law on November 14, 2022.  *See* [DE 11, 12].

1

3.     On December 5, 2022, the Parties filed a Joint Motion to Stay Deadlines or in the Alternative for Extension of Time for Plaintiff to Respond to Defendant's Motion to Dismiss.  [DE 14].

4.     On December 6, 2022, the Court granted Plaintiff an extension of time to respond to Defendant's Motion to Dismiss, up to and including January 4, 2023, and denied the Parties' request to stay deadlines noting that, "[c]iting to potential settlement discussions, without more, does not suffice." [DE 15].

5.     Since then, the Parties have actively discussed the alleged data incident in more detail, and Defendant has begun to voluntarily share with Plaintiff non-public information about the scope of the incident and the number of individuals potentially impacted.  The Parties have also continued discussing the likelihood of resolving Plaintiff's claims.

6.     The Parties have agreed to engage in private mediation before the Honorable Wayne Andersen of JAMS (Ret.) and are working towards selecting a date for mediation to take place in early 2023. The Parties agree that early mediation, instead of litigation, is the most effective and efficient means of resolving Plaintiff's claims. And the Parties agree that if mediation is successful, all of Plaintiff's pending claims will be resolved and both Party and judicial resources will be conserved.

7.     Moreover, Defendant is a small, family-owned company with limited resources. The Parties wish to explore a mediated resolution of the case

while preserving resources that, if not spent litigating, would be available to resolve the claims set forth in Plaintiff's Complaint. Given the Parties and their counsels' experience with data breach cases and their continuing efforts regarding resolution of this case, the Parties are confident that a mediated resolution of this matter is likely. Indeed, Plaintiff's counsel and Defendant's counsel in this case have successfully mediated other data breach class actions and they therefore have a high degree of confidence a resolution can be reached here.

8.      Accordingly, the Parties request a stay of this case, including Plaintiff's January 4, 2023 deadline to respond to Defendant's Motion to Dismiss, pending mediation.

9.      The Parties propose filing a joint status report within three (3) business days following mediation.

10.      Good cause exists for the requested stay because the Parties have affirmed their commitment to private mediation and have already selected a mutually agreed upon mediator. The Parties are working towards scheduling mediation for a date in early 2023. Defendant has been in frequent communication with its insurance carrier about resolution of this case and potential dates for mediation. Moreover, Party and judicial resources would be best allocated by allowing the Parties to explore resolution before engaging in motion practice at this time.

11.    This Motion is made in good faith, not for delay or any dilatory tactic, and no party will be unduly prejudiced or harmed by the grant of this Motion.  The Parties jointly request and agree to this stay pending mediation.

## Memorandum of Law

District courts are afforded broad discretion over their dockets "to ensure that cases move to a timely and orderly conclusion." *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, 2016 WL 9525230, *1 (M.D. Fla. Dec. 29, 2016) (*citing Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hershenhorn v. Am. Home Assurance Co.*, No. 2:21-CV-897-JES-MRM, 2022 WL 464207, at *1 (M.D. Fla. Feb. 15, 2022). Rule 6(b) and Rule 16(b) require a showing of good cause to modify a pending case deadline. Fed. R. Civ. P. 6(b), 16(b)(4); *see also Perez v. Pavex Corp.*, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002) (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

District courts within the Middle District of Florida have granted stays of cases and extensions of case deadlines to allow the Parties to explore a mediated resolution of pending litigation. *See, e.g., Hershenhorn*, 2022 WL 464207, at *1 ("Allowing the parties to mediate the dispute early may conserve the parties' and the Court's resources, and potentially resolve the entire

matter. [. . .] A stay serves the interests of both parties, and neither party is prejudiced by the stay."); *Gian Biologics, LLC*, 2016 WL 952530 at *1 ("the Court finds good cause to grant the requested extension because the parties allege that they are engaged in settlement negotiations"); *Bassler v. George Weston Bakeries Distribution, Inc.*, 2009 WL 10670778 *2 (M.D. Fla. Nov. 25, 2009) (granting parties' jointly filed motion to continue trial seeking to enlarge case management deadlines to, in part, allow for settlement negotiations).

Here, good cause exists to grant the requested stay of proceedings. The Parties have expressed a mutual commitment to engage in a mediated resolution of the dispute, have agreed upon a mediator, and are diligently working towards selecting the earliest available mediation date possible, with a commitment to schedule the mediation of this case for early 2023. Moreover, no prejudice would result as the Parties mutually agree to a stay of proceedings and corresponding extension of all deadlines. *See e.g.*, *Hershenhorn*, 2022 WL 464207, at *1.

Further good cause exists as the requested stay will preserve Party and judicial resources that would otherwise be spent in active litigation, including preparing a response to the pending motion to dismiss. Moreover, requiring the parties to continue litigating while simultaneously attempting to mediate a resolution to the case will diminish Defendant's resources that would otherwise be available to resolve the claims set forth in Plaintiff's Complaint.

WHEREFORE, the Parties respectfully request that the Court enter an order staying the case to allow the Parties to explore a mediated resolution of this matter. Alternatively, the Parties request a status conference with the Court to discuss the case and the Parties' settlement efforts to date.

Dated: December 29, 2022

Respectfully submitted:

**Shamis & Gentile, P.A.**
*/s/ Garrett O. Berg*
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff*

**Holland & Knight LLP**
*/s/ Jessica Kramer*
Jessica S. Kramer
Florida Bar No. 125420
100 N. Tampa St., Suite 4100
Tampa, FL 33602
Phone: (813) 227-8500
jessica.kramer@hklaw.com

*Attorney for Defendant*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), attorneys for Plaintiff hereby certify that they have conferred with attorneys for Defendant, who have advised that Defendant joins in the request for the relief sought herein.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

Respectfully submitted,

                                       **SHAMIS & GENTILE, P.A.**
                                       14 NE 1st Ave., Suite 705
                                       Miami, FL 33132
                                       Telephone (305) 479-2299
                                       Facsimile (786) 623-0915
                                       Email: efilings@shamisgentile.com

                          By:      <u>*/s/ Andrew J. Shamis*</u>
                                      Andrew J. Shamis, Esq.
                                      Florida Bar # 101754